ALBANY,
Feb. 1810.

WATKINSON
v.
INGLESBY and
STOKES.

A. pleaded *puis darrein continuonce,* that he together with B. being indebted to C. and several others, agreed to assign all their stock in trade, and outstanding debts to C. and their other creditors, who agreed to accept the same, in full satisfaction of their respective debts; and averred that he and B. did deliver all their stock in trade, and assign all the debts due to them, for the use and benefit of C. and the other creditors, which delivery of stock, and assignment of debts, was received in full satisfaction by C. and the other creditors, &c. This was held to be a good plea of *accord* and *satisfaction.*

WATKINSON *against* INGLESBY AND STOKES.

THIS was an action of *assumpsit.* The declaration was on two promissory notes, one of them dated the 24th *December,* 1807, for 373 dollars and 62 cents, payable to the plaintiff, or order, 60 days after date; the other was dated the 17th *January,* 1808, for 564 dollars and 26 cents, payable in 60 days. *Inglesby* separately pleaded *non assumpsit,* with notice of a set-off; and *Stokes,* afterwards, put in a plea, *puis darrein continuance,* as of the second *Monday* of *November,* which stated, that on the 19th *September,* 1808, he and *Inglesby,* being unable to pay their debts, did agree to and with the several persons to whom they were indebted, and among others, to and with the plaintiff, to assign to their said creditors, all their stock in trade, and outstanding debts due the defendants; in consideration whereof, the plaintiff and the other persons to whom the defendants were indebted, promised and agreed to receive the assignment of all the said stock and debts due the defendants, in full satisfaction of, and for the debts due to the creditors respectively; and *Stokes* averred, that the defendants, in pursuance of the said agreement, thereupon delivered all the stock in trade, which they then had, and did assign all the debts then due and owing to them, for the use and benefit of the plaintiff, and the other creditors of the defendants; which said delivery of stock, and assignment of debts, was on the same day and year, received by the plaintiff, in full satisfaction of the promises and undertakings, mentioned in the declaration of the plaintiff, and by the other creditors of the defendants, in full satisfaction of the debts due to them respectively, and this he, the said *Stokes,* was ready to verify, wherefore, &c.

To this plea there was a special demurrer and joinder. The causes of demurrer assigned were, 1. That the plea was uncertain in setting forth a continuance from *August* term, 1808, to the second *Monday* of *November*, without saying in what year.

2. In averring that the defendants agreed to assign their stock and debts to their creditors, without averring that the plaintiff was a creditor of the defendants.

3. Because it does not appear by the plea, that the defendants did *assign* their stock in trade pursuant to the agreement set forth in the plea.

4. Because the plea does not set forth, to whom the assignment was made.

ALBANY,
Feb. 1810.

WATKINSON
v.
INGLESBY and
TYKES.

*Harris*, in support of the demurrer. Every plea should be, at least, certain to a common intent. The *November* mentioned, does not necessarily mean *November* term, 1808 ; it may have been *November*, 1809. The plea does not state that *Watkinson* was a creditor, which was a material fact.

Again, the assignment was not made pursuant to the agreement. It averred that the stock was delivered, and debts assigned ; but the agreement was to assign them to the plaintiff and others ; nor is there any averment that the stock and debts delivered and assigned were the same as those which the defendant possessed at the time of the agreement.

But the plea is bad, in not alleging that the stock was delivered, and debts assigned, in satisfaction of the debts, due by the defendant, or that the same were accepted in satisfaction.* Accord and satisfaction must both be pleaded.†

Again, the defendants should have averred, that the assignment and delivery were made to the plaintiff himself. An accord and satisfaction must be beneficial to the party ; but here the plaintiff received nothing, and was in no better situation than before ; for he would be obliged to bring his action against the assignees, and

* 9 *Co. Rep.*
80. b. 5 *Co Rep.*
117. 1Ld.*Raym.*
60
† *Roll. Ab.* 129.
9 *Co. Rep.* 80.
b. *Doct. Plac.*
17.

CASES IN THE SUPREME COURT

ALBANY,
Feb. 1810.

WATKINSON
v.
INGLESBY and
STOKES.

* Cro. Eliz.541.
† Cro. Eliz.304.
Roll. Abr. 471.
Cro. Car. 193.
1 Str. 426. 2
Wils. 86.
‡ 1 Roll. 129.
1 Str.426. Syst.
Plead. 20.25.

§ Lutw. 538. 1
Ld. Raym. 122.
1 Leon. 19.

¶ 2 Term Rep.
24. 5 East, 230.

could only come in ratably with the other creditors. The satisfaction, if any, accrues from a stranger.* An assignment of part in stock, and part in debts, or *choses in action*, is not a satisfaction, which must be executed *in toto*.†

Again, the defendant should have shown that the plaintiff had actually received satisfaction, before the suit was brought. It ought to appear that the plaintiff was satisfied, before the action was commenced ;‡ but even admitting that the agreement could be pleaded *puis darrein continuance*, it ought to appear that the plaintiff was satisfied at the time of the plea pleaded. The mere deed of assignment itself, is not sufficient, unless the plaintiff has actually received something, by way of satisfaction.§ But we contend that such a plea is not good, when pleaded *puis darrein continuance*. A *composition* pleaded, is not held to be a bar, or satisfaction of a debt.¶

*D. B. Ogden*, contra. Certainty to a common intent in a plea, is sufficient. It is substantially averred, that *Watkinson* was a creditor. It is expressly averred, that the defendants did deliver all their stock, and assign their debts. This, in law, amounts to an assignment. A written assignment of goods is not requisite ; a delivery of them is tantamount, and conveys all the title. An assignment by the consent of the plaintiff, to a third person, for the use of the plaintiff, is equivalent to an assignment to himself.

** 9 Co. 80. b.
†† 5 Co. 117.
‡‡ 1 Ld. Raym.
60.
§§ Cro.Eliz.541.

¶¶ 1 Str. 426.
* 2 TermRep.
24. 28. 5 Term
Rep. 141.
††† 5 East, 230.

In *Peytoe's* case, there was a plea of satisfaction only, but not of accord.** So also, in *Pinnel's* case ;†† in *Young* v. *Rudd*,‡‡ and *Grimes* v. *Blofield*,§§ which have been cited, there was a plea of satisfaction only ; but here was an accord and satisfaction. The case of *Cumber* v. *Wane*¶¶ has since been denied to be law ;** though in *Fitch* v. *Sutton*,††† Lord *Ellenborough* recognises the authority of that case, as deciding that the acceptance of

a security for a lesser sum, cannot be pleaded in satisfaction of a similar security for a greater, which, he says, is supported by the authority of *Pinnel's* case. And *Lawrence*, J. referred to *Co. Litt.* 212. b. and *Adams* v, *Tapling*,* as confirmatory of the same doctrine. But the delivery of a horse, robe, or any other chattel in satisfaction, is good ; for the court cannot say what the value of a chattel is, and it is presumed to be more beneficial to the plaintiff, otherwise he would not have accepted it in satisfaction. So if a person is bound to pay ten dollars at one place, and the obligee requests the obligor to pay five dollars at another place, and he will accept it in satisfaction, it will be sufficient.

The case of *Allen* v. *Harris*,† decides merely that an *accord* is no bar, unless executed; but in the present case by the delivery of the goods and of the assignment, the accord was executed. The same answer may be given to the cases in 1 *Leon.* 19. and 2 *Term Rep.* 24.

The cases cited to show that accord and satisfaction cannot be pleaded *puis darrein continuance*, are those in which the accord was executory, and not executed. The general rule is, that if new matter happens after the last continuance, which would have been a good defence before the plea, it may be pleaded after the last continuance. The test of a good *accord* is, that it is such an agreement as will support an action for the non-performance.‡

*T. A. Emmet*, in reply. The defendants ought to show not only that what was done was in full satisfaction ; but that it was accepted by the plaintiff as such. It should be a satisfaction in law. The assignment of a *chose in action*, is no satisfaction. Thus the assignment of an equity of redemption, or of a debt, is no satisfaction ; it is no more than giving a power, or mere warrant of attorney. The plaintiff's right of action cannot be taken away, without an equivalent. He must

<div style="margin-left:auto">

ALBANY,
Feb. 1810.

WATKINSON
v.
INGLESBY and
STOKES.

* 4 *Mod.* 88.

† 1 Ld. *Raym.*
122.

‡ *Com. Dig.*135.
*Accord*, (C.)

</div>

receive a compensation in money, or a right of action; but the plaintiff could bring no action at law on this assignment against the assignees. To obtain any benefit from it, he must resort to the court of chancery.

Where a chattel is delivered in satisfaction, it should be specifically mentioned, as a horse, or a ring, that the court may judge whether it be of any value ; for a thing of no value cannot be a satisfaction.

Again, all the books say, that the accord must be executed before the action is brought. The averment is that the thing was done and executed before bringing the action. There is no precedent of such a plea *puis darrein continuance.* If the thing is done after action brought, or plea pleaded, there should be a release or covenant by the plaintiff.

VAN NESS, J. delivered the opinion of the court. This is a plea of *accord and satisfaction,* and I think it is sufficiently pleaded. There is more nicety than good sense in some of the cases on this subject. Accords are favoured in law, and if so, they ought not to be too rigorously expounded. The agreement was good. It was to assign stock in trade and outstanding debts. Now we cannot say, as the court said of an equity of redemption, in *Preston* v. *Chrisomas,* (2 *Wils.* 86.) that this was nothing in law. Lord *Coke* says, (1 *Inst.* 212. b.) that the acceptance of a *bond* in satisfaction of the money is good. The plaintiff agreed to receive such assignment in satisfaction of his debt, and the plea goes on to state the accord *executed.* It avers, that the defendants did deliver the stock, and assign the debts ; and that such delivery and assignment were received by the plaintiff in satisfaction of the debt. An objection is here made to the performance. The plea does not state that the stock in trade was *assigned;* but, as it was stated to have been delivered and received ; and as stock in trade means chattels, this was equivalent to an

assignment, and more effectual, because, it was putting the party in actual possession.

The word *assign*, has various significations, and it must be taken according to the subject matter. Its meaning is to set over, or transfer; and when applied to moveables, a *delivery* will satisfy it. Nor does the plea state that the stock and debts were assigned and delivered in *satisfaction*. This was not requisite by the words of the accord. By the accord, the defendant was to assign to, and the plaintiff was to receive, in satisfaction, and the plea fully avers the performance of it. The plaintiff did receive the delivery of the stock and assignment of the debts in full satisfaction. But it is not stated in the plea *to whom* the assignment was made. I answer, that the accord did not specify the assignee or trustee; and as the assignment was received by the plaintiff in satisfaction it was well enough, without naming the person.

The name of the trustee would have been of no use towards judging of the execution of the accord, or of the value of the satisfaction. The only real question on the merits of this plea is, was the property assigned and delivered, a legal satisfaction? I know of no case that denies this. The doctrine in *Pinnel's* case, (*5 Co.* 117.) has always been received as good law, and there it is admitted that payment of a horse, instead of the money due; or of a less sum, if before the day, or at a different place, will all be adjudged a satisfaction, if so accepted by the plaintiff.

The cases that have adjudged that a payment of a less sum in satisfaction, as of 5*l.* for 15*l.* was no satisfaction, go upon the ground that it was apparent and palpable, on the very face of the agreement, that there could not have been a satisfaction, for all the world knows that 5*l.* is not worth 15*l.* nor can it be deemed equivalent, by any man in his senses. (*Cumber* v. *Wane*, 1 *Str.* 426. *Fitch* v. *Sutton*, 5 *East*, 230.)

ALBANY,
Feb. 1810.

WATKINSON
v.
INGLESBY and
STOKES.

In the present case, we cannot undertake to say, that a delivery of stock in trade, and an assignment of outstanding debts, is not a valuable satisfaction. We cannot undertake to put a value on the stock in trade, any more than the court, in *Pinnel's* case, could put a value on the horse received in satisfaction of a debt. The property assigned and delivered, may amount to the sum in demand, and more, or it may amount to less. It is sufficient that the plaintiff accepted it as a full satisfaction.

*Littleton* says, (sec. 344.) that if the horse, or thing be not of the twentieth part of the value of the sum of money, yet it is good enough, because the other has accepted it in full satisfaction.

In *Cumber* v. *Wane*, Ch. J. *Pratt* said, it must appear to be a reasonable satisfaction, *or at least the contrary must not appear, as it did in that case.* Though an accord executory be no bar, yet an accord executed is good, because the party has accepted it in satisfaction. All the authorities agree in this. (1 *Roll. Abr.* tit. *Accord,* pl. 14.    2 *Ld. Raym.* 122.    2 *H. Black.* 317.) The acceptance in satisfaction is the essence and *gist* of the plea ; and Lord *Coke* (*Peytoe's* case, 9 *Co.* 80. 86.) recommends, as the best way of pleading an accord, to plead it by way of satisfaction only.

A doubt was suggested, on the argument, whether this matter was at all pleadable *puis darrein continuance.* There is no doubt that any defence arising after the last continuance, may be pleaded in this manner.

I have endeavoured to notice every objection to the plea, which appears to have any weight, and I think, upon the whole, the plea is good, both in *form* and *substance.*

There must be judgment for the defendant.

Judgment for the defendant.