* Curia, per Sutherland, J.
The defendants contend that the parol evidence of the giving and acceptance of the deed by way of accord and satisfaction of the bond, was inadmissable.
In Neal v. Sheaffield, (Cro. Jac. 254,) the action was debt upon an obligation for £14, conditioned for the payment of £7 at the birth of the plaintiff’s child. The defendant pleaded, that before the birth of the child, it was agreed between the plaintiff and the defendant, that whereas the plaintiff was to have a load of lime of the defendant, for which he should be indebted to him, that the defendant should acquit him thereof; and the plaintiff should accept of that debt in satisfaction of the said obligation; and that the plaintiff did accept of the said load of lime in satisfaction of the said bond. Upon demurrer, the plea was held to be bad, because it stated the lime to have been accepted in satisfaction of the bond; whereas, it ought to have been pleaded in satisfaction of the sum mentioned in the condition of the bond. For the bond itself, it was said, cannot be discharged without specialty.
In Pennel's case, (5 Coke, 117,) the plaintiff brought an action of debt on bond, in the penalty of £16, conditioned to pay £8 10s. on the 11th of November, 1600. The defendant pleaded, that before the said day, to wit, on the 1st of October, he paid the plaintiff £5 2s. 2d., which the plaintiff accepted in full satisfaction of the money mentioned in the condition. The plea was held bad, in not stating that the money was paid in full satisfaction, but only that the plaintiff accepted it in full satisfaction. But for that defect in the plea, the demurrer would have been overruled.
In Preston v. Christmas, (2 Wils. 86,) to an action of debt on bond, the defendant pleaded accord and satisfaction, to wit, that he released to the plaintiff all his equity of redemption of certain tenements, in satisfaction of all bonds, wherein the- defendant was bound to the plaintiff. The *227 plaintiff demurred; and it was contended by Poole, sergean^ that the plea was bad on two grounds; 1. That an equity of redemption is of no value in law, and therefore *COuld be no legal satisfaction for a pre-existing debt; and, 2. That the action being upon a deed, the accord and satisfaction should be by deed; and not being pleaded to be by deed, the plea was bad. He admitted that where there appears to be a condition to a bond for payment of money, an accord without deed may be pleaded in satisfaction of the money or condition; but not in satisfaction of the deed or obligation. And this distinction was sustained by the court. They say, “ This being a debt upon an obligation without any condition, satisfaction must be pleaded to it by deed; and they rely upon Blake's case, (6 Coke, 43,) and Neal v. Sheaffield, (Cro Jac. 254,) as directly in point. The same distinction is taken in Alden v. Blague, (Cro. Jac. 99,) and Noyes v. Hopgood, (Cro. Jac. 649;) and vid. Manhood v. Crick, (Cro. Eliz. 716, Cro. Car. 86, S. C.)
In an anonymous case, (Cro. Eliz. 46,) the defendant, to an action of debt upon an obligation to pay £40 at Michaelmas eve, pleaded a concord between him and the plaintiff, that if he gave him a hawk and £20 at Michaelmas day, the obligation should be void; and that he gave the hawk and £20 at the day, and the plaintiff, accepted it. The' plea was held bad; and the reason assigned is, that the bond was forfeited at Michaelmas eve by non-payment; and so became single; which cannot be discharged by such a naked averment in fait, of such an acceptance, although the agreement was before the day; but acceptance before the day would have been a good discharge. Yet, according to the cases already cited, acceptance before the day would not be good when pleaded, as in this case, in satisfaction of the obligation, and not of the condition or money. And the circumstance that the bond had become single by forfeiture, was, upon this plea, of no importance.
Oliver v. Lease, (Cro. Car. 86,) was debt upon a single bill. Tho. defendant pleaded that he enfeoffed the plaintiff *227-1 of such land, in discharge of the bill, which he accepted; and it was held to be a bad plea.
In Kaye v. Waghorne, (1 Taunt. 428,) it was held that a covenant under seal, not broken, could not be discharged *by a parol agreement. (Vid. Com. Dig. Accord, B. 1.)
In the case at bar, the defendant having given notice of his accord and satisfaction, instead of pleading it specially, no question can arise upon the distinction taken in the preceding cases, between a plea in satisfaction of the obligation, and one in discharge of the condition or money due. The notice, in fact, states the accord and satisfaction to have been made and accepted in payment and discharge of the sum of money then due on the bond; and not of the bond itself. But if it had not, the party would not have been concluded by it as by a plea. It is of no ini' portance that the bond was due; and therefore strictly forfeited ; for, on a bond conditioned for the payment of money, the plaintiff cannot recover beyond the amount of the condition.
Our statute, (1 R. L. 518, s. 6,) declares that, on bringing the principal, interest and costs, into court, at any time pending an action upon any such bond with a penalty, it shall be deemed in favor of the defendant, a full discharge of the bond. The condition of the bond, as well after as before forfeiture, is the amount due upon it.
It would seem, then, to be unimportant, whether an accord and satisfaction like the one in this case, took place before or after the bond became due. For the debt, in judgment of law, is the same in either event; and the cases which have been cited all agree, that an accord and satisfaction of the money due by the condition of a bond, before forfeiture, is good by parol.
The sufficiency of the satisfaction cannot be questioned. It was the conveyance of land, which, like the gift of a horse, hawk or robe, shall be intended might be more beneftcial to the plaintiff than the money; or otherwise he *228 would not have accepted it in satisfaction. (Watkinson v. Inglesby, 5 John. 386.)[1]
Motion denied.

 To an action of debt on bond, for the payment of money, a plea averring an agreement by the obligee to accept a surrender of lands, mortgaged as collateral security, and a tender of performance by the defendants, is not a bar. Russell v. Lytle, § Wend. 390. An accord executory cannot be pleaded in bar to an action; even proof of tender of performance, will not be held equivalent to an accord executed, which is a good bar. Brooklyn Bank v. De Grauw, 23 Wend. 342. Watkinson v. Inglesby, 5 John. Rep. 386; Coit v. Houston, 2 John, Cas. 243; Anderson v. The Highland, Turnpike Co., 16 John, Rep. 86. See N. Y. Dig. Vol. 1. tit Accord and Satisfaction.
Upon the indorsement of a note, it was agreed, by parol, between the indorser and the indorsee, that if the former would execute to the latter a deed for a tract of land, the latter would strike out the indorsement and release the indorser from all liability thereon; and the indorser did afterwards execute a deed for the tract of land which was accepted by the indorsee. Held that proof of these facts, was not evidence tending to establish a contract variant from that contained in the written indorsement, and was competent to establish an accord and satisfaction. Smitherman v. Smith, 3 Dev. & Batt. Rep. 89.