## COIT *against* TRACY :

### IN ERROR.

Where *A.* and *B.,* share-holders in an association for the prosecution of a sealing voyage, were agents and trustees of that association ; and losses on moneys, which came into their hands, as such agents and trustees, were sustained, through their joint neglect, and on the adjustment of their accounts with their associates, were charged to them jointly ; on a bill in chancery, brought by *A.* against *B.,* for an adjustment of the accounts between them, it was held, that such losses ought to be borne by them equally, and not in proportion to the number of shares by them respectively owned.

Where such agents and trustees were entitled to retain, and did retain, out of the funds in their hands, 1000 dollars for their commissions ; which sum

was so to be divided between them, as that *A.* should receive 400 dollars and *B.* 600 dollars; and the committee, in the adjustment of their account, charged the difference between these sums, not upon the joint fund, but upon the individual fund of *A.*, in consequence of which *A.* was decreed to pay the whole of such difference to *B.*; it was held, that this was erroneous; especially, as where *B.* had received from the joint fund more than *A.*, *B.* was subjected to the payment of only half the difference to *A.*

Where, in the adjustment of such account, *B.* was allowed interest on his commissions and disbursements, during a period when he had in his hands moneys of the association more than sufficient to cover all his demands, upon which he was not charged with interest; it was held, that this was erroneous.

THIS was a bill in chancery, brought by *Benjamin Coit*, against *Elisha Tracy*, stating, that they, with divers other persons heretofore associated for the purpose of prosecuting a sealing voyage to the *Pacific Ocean;* that of this association the plaintiff and defendant were the agents and trustees; that divers large sums of money had been, by them, as such agents and trustees, laid out and expended, and divers other large sums had been by them received; and that, though the accounts of such trust and agency had been settled with their associates, yet the accounts between themselves had never been settled, but that a large balance was justly due thereon from the defendant to the plaintiff; that a large sum of money justly applicable to the payment of such balance, was deposited to their joint credit in the *Norwich Bank*, and by the terms of the deposite could be withdrawn, by their joint checks only, which the defendant refused to execute;—praying for an account and for relief adapted to the case.

On this bill the superior court, in *October*, 1826, appointed *Timothy Pitkin, Epaphroditus Champion* and *Jonathan Barnes* jun. Esqrs. a committee to ascertain the facts, and to adjust and settle the account between the parties. This committee made their report, at the *October* term, 1827, when a final decree, predicated on the facts found by the committee, was made in the cause. By this decree it was found, that the plaintiff was entitled to receive the sum of 2180 dollars, 92 cents, deposited in the *Norwich Bank* to the joint credit of the plaintiff and defendant, and also to recover of the defendant the further sum of 557 dollars, 72 cents. The present writ of error was then brought, by the original plaintiff, complaining, that upon the facts as reported by the committee and found by the court, the court ought to have decreed a further and

greater sum to be paid to him by the defendant, over and be-
yond the sums so decreed to him.

The facts in the case, as reported by the committee and
found by the court, bearing materially upon the points now in
controversy, are the following. In the year 1799, the
plaintiff and defendant, with sundry other persons, associated
for the purpose of prosecuting a sealing voyage. The stock of
the association was divided into forty-two shares, of one thou-
sand dollars each; of which the plaintiff owned six, and the
defendant five and an half. The plaintiff and defendant were
appointed the agents and trustees of the association; and as
such agents and trustees, they received the money paid in, un-
der the articles of association, amounting in the whole to
41,916 dollars, 12 cents. The sums received by them were
invested in the schooner *Moneto* and the ship *Miantonomo*, and
in the outfits of the voyage. In the year 1802, a settlement
was made between the association and the agents; and on
such settlement, a balance of 83 dollars, 48 cents, was found
due from them to the association.

The committee further found, that all accounts between the
plaintiff and defendant were so far settled up to the period
last mentioned, as that neither of them was entitled to any bal-
ance as against the other.

In the course of the year 1802, the vessels of the associa-
tion, with all the skins which had been taken, except a quanti-
ty which had been previously taken out and shipped to *Can-
ton*, were unlawfully seized, by the subjects of the king of
*Spain*, and the voyage was thereby broken up. In the year
1804, the defendant received, on account of the skins shipped
to *Canton*, after deducting all charges therefrom, the sum of
2000 dollars, which was by him deposited in the *Branch Bank
of the United States* at *Boston*; and afterwards, in the same
year, he received the further sum of 388 dollars, 44 cents,
which was equally divided between the plaintiff and defend-
ant. Of the 2000 dollars deposited in the bank at *Boston*,
1000 dollars was drawn out, on the joint check of the plaintiff
and defendant, in favour of *E. & W. Coit*, and applied in part
payment of a debt due them from the plaintiff and defendant,
in their capacity as agents and trustees; 100 dollars was re-
ceived by the defendant; and the further sum of 100 dollars,
by the plaintiff and defendant jointly; and the remaining sum
of 800 dollars was loaned to *Augustus Perkins & Co.*, on their

New-London, promissory note, a considerable part of which was eventually
July, 1831. lost, by the insolvency of the makers.

Coit
v.
Tracy.

In conclusion, the committee found, that of the moneys received on account of the skins shipped to *Canton*, the sums received by the defendant and the interest thereon up to the 1st of *October*, 1827, amounted to 1233 dollars; and that the sums received by the plaintiff and interest thereon, up to the same period, amounted to 727 dollars, 99 cents; the difference being 505 dollars, 1 cent; the one half of which the defendant ought to pay to the plaintiff.

The committee further found, that the loss on the loan to *Augustus Perkins & Co.* and the interest thereon, amounted to 700 dollars, 63 cents; and that this loss ought to be sustained jointly, by the plaintiff and defendant.

In 1821, the plaintiff and defendant were appointed, by the members of the association, agents to present its claims to the commissioners under the *Spanish* treaty; and a written agreement was executed, by which they were to receive $2\frac{1}{2}$ *per cent.* on the moneys which they should obtain, for their services. In pursuance of their appointment, they prosecuted these claims before the commissioners, and eventually received from the treasury of the *United States* the sum of 42,376 dollars, 17 cents; which sum was, on the 6th day of *July*, 1824, deposited in the *Norwich Bank*, to the joint credit of the plaintiff and defendant, and subject to be drawn out on their joint check only. For the purpose of ascertaining the several sums payable from this fund and other funds in the hands of the agents, to the several claimants thereto, and the sums which the association had a right to retain thereout, an amicable bill was preferred, in the name of *Daniel L. Coit* and others, against the present plaintiff and defendant and others, before the superior court holden by adjournment at *New-London*, in *April*, 1825; and such proceedings were had thereon, that a final decree was passed at the *October* term of the court in 1825; by which decree it was found, that the funds in the hands of the plaintiff and defendant amounted, in the whole, to 45,905 dollars, 49 cents; and the court ordered and decreed, that there should be deducted from this sum the commissions of the agents, amounting to 1054 dollars, 70 cents, and various other sums, amounting, in the whole, to 3343 dollars, 23 cents, leaving the sum of 42,562 dollars, 26 cents, to be divided among those entitled to the shares in the

association, giving to each share 1013 dollars, 39 cents. The
court then proceeded to ascertain the sums due from the fund
to each of the share-holders respectively. To the plaintiff
there was found due from the fund, on his six shares, $6080 34

On the shares subscribed by *J. Brown,* - - 950 05
On the shares subscribed by *J. Howland,* - 3328 52
On sundry other accounts, - - - - 485 37
_____

Amounting in the whole to the sum of - 10,744 27
There was also found due to the defendant, on his five and
an half shares, - - - - - - - $5,573 64
And in various other accounts, - - - 1,537 70
_____

Amounting in the whole to the sum of - 7,111 34

The court further ordered and decreed, that the plaintiff
and defendant were entitled to retain out of the general funds,
for services rendered, disbursements made, &c. various sums
of money, amounting in the whole to the sum of 2916 dollars,
80 cents. And the committee found, that out of this sum so
jointly to be retained by the plaintiff and defendant, there had
been paid from the funds in their hands various sums of money,
amounting to the sum of 1161 dollars, 98 cents; and that on
the subscriptions of *Thomas King* and *Elisha Hyde* there had
been a loss of 680 dollars, 89 cents, which loss ought to be
borne equally by the plaintiff and defendant.

The committee further found, that of the sum of 1054 dol-
lars, 70 cents, allowed to the plaintiff and defendant for their
commissions, the defendant was justly entitled to receive for
his services and expenses the sum of 605 dollars, 4 cents, and
the plaintiff the sum of 449 dollars, 66 cents, making a differ-
ence of 155 dollars, 38 cents; for which, together with the in-
terest, amounting to 185 dollars, 48 cents, the plaintiff is ac-
countable to the defendant.

The committee further found, that the funds deposited in
the *Norwich Bank*, which remained after paying off the other
share-holders, amounted to the sum of 15,380 dollars, 92
cents; from which the plaintiff and defendant had drawn, at
various times, on their joint checks, the sum of 6,600 dollars
each, leaving a balance of 2180 dollars, 92 cents, remaining in
the bank; which sum was decreed to be paid over to the plain-
tiff as aforesaid.

For the purpose of ascertaining the sums to which the

plaintiff and defendant were severally entitled out of the fund of 15,380 dollars, 92 cents, the committee stated the following proportions, viz. as 17,855 dollars, 61 cents, the aggregate amount of the claims of the plaintiff and defendant, is to 15,380 dollars, 92 cents, the amount of the fund, so is 10,744 dollars, 27 cents, the plaintiff's demand, to the amount which he is entitled to receive ; and so is 7,111 dollars, 34 cents, the defendant's demand, to the amount which he is entitled to receive. In accordance with this statement, the committee found, that the plaintiff was entitled to receive 9255 dollars, 16 cents, and the defendant 6127 dollars, 77 cents, out of this fund. But as the defendant had already received the sum of 6,600 dollars, the committee found a balance of 474 dollars, 23 cents, due from him to the plaintiff. They then ascertained the balance due the plaintiff as follows :

| | | |
|---|---:|---:|
| Money in bank to be paid him, - - - | $2180 | 92 |
| Money which *Tracy* is to pay *Coit* for receipts beyond his proportion, - - - - | 474 | 23 |
| ¼ Retainer on account of *John Clark*, - - | | 79 |
| Cash paid *Gilbert Swaim* and interest, - - | 17 | 85 |
| Money received by *Tracy* beyond his proportion of funds in *Boston*, - - - - - | 252 | 70 |
| | **2926** | **49** |

| | | | |
|---|---:|---:|---:|
| Deduct balance of commissions from *Coit* and interest, | 185 | 48 | |
| ¾ Retainer on account of *John Clark*, | 2 | 37 | |
| Money in bank, - - - | 2180 | 92 | 2368 77 |

Leaving a balance due from *Tracy* to *Coit* of        557 72

Of the adjustment of the account, on these principles, and of the decree of the court accepting the report of the committee, the plaintiff in error complains, and assigns the following causes of error :

1. That the superior court, in ascertaining the sums for which he, the said *Coit*, was entitled to a decree, did not divide equally between the said *Tracy* and *Coit* the amount of losses and charges to which they had been subjected, and which they had been made to bear, upon the adjustment of their account on the bill brought by *Daniel L. Coit* and others against them, the said *Coit* and *Tracy*, and as stated in said report, and for

which they were equally liable ; whereas the said *Coit*, by the decree of said court, was made to bear more than his just share and proportion of said losses.

2. That it having been found, by the committee, that said *Tracy* had received of the avails of the skins shipped to *Canton* a greater sum than had been received therefrom by said *Coit*, said *Tracy* was charged with only half the difference between the sums by them respectively received ; but it having been found, that said *Tracy* was entitled to a larger sum than said *Coit* of the commissions allowed them for prosecuting the claim under the *Spanish* treaty, said *Coit* was charged with and made to pay the whole difference between the sums, which they were respectively entitled to receive.

3. That in the adjustment of said accounts, though said *Coit* allowed to said *Tracy* interest on his said charges and accounts ; yet said court did not allow to said *Coit* interest upon his charges and upon the several sums which he was entitled to have of said *Tracy*, and to which interest he was by law entitled.

*Goddard* and *H. Strong*, for the plaintiff in error.

*Pitkin* and *Law*, for the defendant.

BISSELL, J. With regard to the first ground of error assigned, it appears from the facts found by the committee, that considerable losses had been sustained on the moneys which came into the hands of *Tracy* and *Coit*, as the agents of the association. It also appears, that on the adjustment of their accounts with their associates, they had been charged with these losses. No part of them was sustained by the share-holders, as such ; but the whole amount was thrown upon *Tracy* and *Coit*, in the character of agents and trustees. It has been found by the committee, that these losses are justly attributed to the joint neglect of them both ; and that neither of them has any claim on the other, by reason of such losses. Nothing, then, is more obvious, than that the loss ought to have been borne by them equally. That the loss is not so borne, upon the principles adopted by the committee, is equally obvious. *Coit* is made to bear this loss in the proportion that 10,744 27 is to 7111 34. From the statement of the account by the committee, sanctioned by the court, the loss is made to fall upon the shares,

and not upon the agents of the association. Not only the original shares of *Coit*, but those purchased by him from *Brown* and *Howland*, are made to sustain their proportion of the loss. This is not only manifestly unjust, but entirely opposed to the adjustment sanctioned by the court, upon the bill of *Daniel L. Coit* and others, and inconsistent with the facts found and the principles adopted by the committee in other parts of their report. I am, therefore, of opinion, that this ground of error has been fully sustained ; and so far the judgment and decree of the superior court must be reversed.

As to the second exception taken, I am also of opinion, that in this respect the judgment of the superior court is erroneous. *Tracy* and *Coit* were jointly entitled to the sum of 1054 dollars, 70 cents, for their commissions, in prosecuting the claims of the company under the *Spanish* treaty. This sum they were entitled to retain, and did retain, out of the general funds in their hands. The committee undertook to apportion this sum between them in proportion to their services and disbursements ; and they found, that of this sum *Tracy* was entitled to 605 dollars, 4 cents, and *Coit* 449 dollars, 66 cents ; making a difference of 155 dollars, 38 cents. This, together with the interest, amounting to 185 dollars, 48 cents, is charged, not upon the joint fund, but upon the individual fund of *Coit ;* and he is decreed to pay *Tracy* the entire sum. This is manifestly erroneous, and wholly inconsistent with the principles adopted by the committee in other parts of their report. *Tracy* is found to have received out of the moneys deposited at the bank in *Boston*, in principal and interest, 505 dollars, 4 cents, over and above the amount received by *Coit ;* and the committee find, that *Tracy* ought to pay to *Coit* the one half of this sum. This allowance is made on strict mercantile principles ; and the same principles ought to have been applied, and to have governed, in settling the commissions.

*Tracy* is allowed interest on his commissions and disbursements from *July* 6th, 1824, to *October* 1st, 1827 ; and although it appears, that at this date, moneys more than sufficient to cover all his demands, came into his hands and were by him retained, yet he is not charged with interest upon these sums. This is the third cause assigned for error.

The committee, throughout their whole report, seem to have adopted one uniform rule with regard to the computation of interest ; which rule is departed from only in this single in-

stance. In every other, they have allowed interest, not only on moneys received, and disbursements made, but also on all sums due for services rendered, from the time the indebtedness accrued up to the 1st of *October*, 1827. No reason is assigned why the rule was departed from, in the instance under consideration ; and it is difficult to see, that any could exist. It would, indeed, seem rather extraordinary, that the charge of interest on moneys due for services rendered, might be made, long after such services had been paid for. This, I think, is erroneous.

Coit
*v.*
Tracy.

By the account, which has been exhibited, by the plaintiff in error, and which I believe to be stated on correct principles, it appears, that the further sum of 555 dollars, 14 cents, was justly due from *Tracy* to *Coit*, on the 1st of *October*, 1827. The cause must, therefore, be remanded to the superior court, with directions so to modify their decree, as that the plaintiff shall recover of the defendant in error said further sum of 555 dollars, 14 cents, and interest thereon from the 1st of *October*, 1827, to the time of final judgment in the cause.

The other Judges were of the same opinion.

<div style="text-align:center">

Judgment reversed ; and
Cause remanded.