*59
By the Courts,

Nelson, Ch. J.
The learned judge erred in excluding Tooker as a witness, his interest being balanced to the extent of the property in dispute. It was a matter of total indifference to him whether the property was applied on the plaintiff’s mortgage, or the defendant’s judgment, as in either case it would go in satisfaction of an existing demand for which he was personally holden.
The case of White v. Cole & Thurman (24 Wend. 116) does not conflict with this familiar principle. There, the property in litigation had been sold both on the execution and under the mortgage, and the suit was in effect between the two purchasers. The plaintiff, who claimed under the execution, had purchased the whole property, valued at from four to six thousand dollars, for the trifling sum of three dollars; and one of the defendants had purchased jt for the amount of the mortgage, being about two thousand dollars. Demming, the judgment debtor and mortgagor, was called as a witness for the defendants, and we held that he was interested to defeat the action. For had the plaintiff succeeded, the property would have gone to maintain a credit in the witness’ favor of three dollars only, the sum for which it had been sold on the execution; whereas if the defence had prevailed, the witness would in effect have discharged a debt of two thousand dollars.(a)
In the present case, however, the only question is, whether enough of the property shall be taken to satisfy a debt of some $56, due the defendant, or be left to apply upon the mortgage, both being confessedly existing demands against the witness. It is obvious that the interest stands .equal between the parties. The cases will be found collected in Cowen & Hill’s Notes to Phill. Ev. p. 120 to 122.(b)
*60 Again, after the release, it is difficult to perceive any color for the objection.' The interest was then all one way, and against the plaintiff. If he failed in the suit, he could not come back upon the witness to make up the loss; and the latter was interested in the application of the property to the payment of the defendant’s execution.
New trial granted.

а) The case proceeds upon the ground that the witness’ interest was greater in favor of one party than the other. (See Tilden v. Gardinier, 25 Wend. 663; Bill v. Porter, 9 Conn. Rep. 23; Barnwell v. Mitchell, 3 id. 101; Beach v. Swift, 2 id. 269; Seymour v. Harvey, 11 id. 275.)

 See also Cowen & Hill’s Notes to Phill. Ev. 1543 to 1545.