## White v. McDowell and husband.

Where a witness, incompetent on account of interest, is admitted without objection, and testifies in favor of that interest, his interest in the event of the suit can only affect his credibility.

A tutrix cannot, without being specially authorized, execute a note in the name of her pupil, which will be binding on the latter.

Where a creditor writes at the foot of an account, "Received payment by note," it is a novation of the debt.

APPEAL from the District Court of Morehouse, *Selby, J. Purvis* and *Morrison,* for the plaintiff. *Baker,* for the appellants. The judgment of the court, *Slidell* J. dissenting, was pronounced by

Rost, J. The plaintiff is the transferee of a promissory note, subscribed by the tutrix of *Mrs. McDowell,* before the marriage of the latter and in her name, for supplies furnished to her during minority. This note is dated in the month of March 1841, and bears interest at the rate of ten per cent per annum from the first day of January preceding. He instituted this action in the parish court against both defendants, on the grounds that the note was for supplies furnished to the wife, and that since the marriage the husband had assumed to pay it. He obtained judgment in that court against the husband only. On appeal to the district court judgment was also rendered against the wife, and she appealed.*

The testimony of *Temple,* the payee of the note, was admitted without objection in the court below. We cannot, therefore, disregard it; and, although the contingent interest be had in the event of the suit may affect his credibility when he testifies in furtherance of that interest, his evidence is entitled to full faith so far as it makes against it. We can of course take no notice of his declaration that, he took the note with the intention of not releasing the minor. This is a question of law to be deduced from his acts. The defendant *Mrs. McDowell* alleges, in her answer, that she has in her possession receipts and vouchers, which prove that she has paid the account for which this note was given. *Temple,* the plaintiff's witness, states that he wrote the following receipt at the foot of that account:—" Received payment by note of *Elizabeth Ross,* tutrix, &c. ;" and it is admitted in the record that the account thus receipted was adduced by her, as a payment made, in the final settlement of her account as tutrix, and that this payment was allowed to her.

It is not shown that the tutrix had authority to give a note of any kind on behalf of the minor, and more particularly a note bearing the highest rate of conventional interest from a time anterior to its date. This note must therefore be considered as the personal obligation of *Elizabeth Ross.* It was thus viewed by her, by the defendant, and by the judge before whom the tutorship account was settled ; the settlement was made on that hypothesis.

The question which this case presents is, whether a receipt for a note in payment of an account is a novation of the debt. It was decided in the affirmative in the cases of *Baron et al.* v. *Howe,* 2 Mart. N. S. 146, *Abat et*

---

* The husband also appealed.

WHITE
*v.*
McDowell.

al. v. *Nolté et al.*, 6 Ib. N. S. 636; *Murdock* v. *Coleman*, 1 An. 410; *Cammack* v. *Griffin*, 2 An. 177. After these decisions, the question can no longer be considered as open.

It is therefore ordered that the judgment in this case be reversed; and that there be judgment in favor of the defendant, with costs in both courts.