Woodward *v.* Miles.

## WOODWARD *v.* MILES.

An accord not executed is no bar to the original claim.

An agreement to accept a new contract in satisfaction and discharge of a former contract, or debt, is a good accord executed, whether the new contract is performed or not.

There is no presumption that a new contract is agreed to be accepted in satisfaction of an older debt or obligation.

The party who asserts such agreement is bound to prove it.

The fact of such agreement is a question for the jury, if there is any evidence competent for them to consider.

ASSUMPSIT, on an account annexed, consisting of the following items, to wit:

"Sept. 19, 1846.   To work on frame of flume in mill,    $3.50

Oct. 1846.   To work of my son Hazen, three weeks,    8.50

March 26, 1847.   To two hundred pounds of fish,    6.50

$18.50 "

On the general issue, the defendant admitted that the account was once due. To show payment, he gave in evidence a writ, dated June 8th, 1847, returnable at Coös court of common pleas,

Woodward v. Miles.

November term, 1847, in favor of the plaintiff against the defendant, which appeared to have been served, and which contains one count on an account annexed, consisting of the following items, to wit:

" Sept. 19, 1846. To making clapboard machine
and gears for the same, $272.00

Sept. 19, 1846. To work on the frame of the
flume of the mill, 3.50

Oct. 1846. To work of my son Hazen, three
weeks, 8.50

March 26, 1847. To two hundred pounds of
pollock fish, 6.50
_____
$290.50

Cr. April 6, 1847, by sixteen hundred feet of
clapboards, 25.60
_____
$264.90 "

The defendant then introduced a receipt, (the execution of which was admitted,) as follows:

" September 2d, 1847. I hereby discharge the suit that I commenced against William Miles, in Coös county court, last June, on book account, by his note of one hundred and ninety-five dollars, payable in clapboards, and secured by mortgage on saw mill and clapboard machine.

Moses Woodward."

The defendant also introduced a cancelled note, of which the following is a copy:

" $195.00. Sept. 2d, 1847. For value received I promise to pay Moses Woodward, or order, one hundred and ninety-five dollars, payable in good No. 1 four feet pine clapboards, to be delivered at my saw mill in the town of Stark. Seven thousand to be paid this fall, and six thousand to be paid next fall, all valued at fifteen dollars per thousand, and all of them are to be well bunched up. With interest.

William Miles."

The defendant proved that this note was given by him to the plaintiff on the day of its date, and there rested his defence.

The plaintiff then offered to prove that at the time the settlement was made, as proved by said receipt, the note of one hundred and ninety-five dollars was given to settle the balance between the first item, of two hundred and seventy-two dollars, and the credit of twenty-five dollars and sixty cents, in the account annexed to the first writ, and that the three items therein, now in suit, were not paid in the settlement.

The defendant objected to this evidence, but the court admitted it.

A witness was then introduced, who testified that he was present at the settlement, and that after the note and receipt were made and signed, the plaintiff told the defendant that said three items were not settled, and refused to settle the suit and exchange the papers unless the defendant would agree to deliver him two thousand feet of four feet spruce clapboards; that the defendant objected, and contended that the note of one hundred and ninety-five dollars was to settle the whole; but that after some disagreement the defendant agreed to pay and deliver to the plaintiff two thousand of four feet No. 1 spruce clapboards, at the defendant's saw mill in Stark, in January, 1848, in payment of said three items, and that thereupon the papers were exchanged and the matter settled; that no note was given for said two thousand of clapboards.

The defendant then introduced and read a letter written by the plaintiff to him, as follows:

"Jefferson, September 15th, 1849.

Mr. William Miles: Sir, There is due me one thousand of clapboards. You agreed to give me on our settlement two thousand of No. 1 spruce clapboards, which you refused to pay me but one thousand. I can prove you agreed to pay me two thousand. I shall be to muster; if you wish to settle it you can.

Yours,        Moses Woodward."

The plaintiff admitted that one thousand of said spruce clapboards had been paid and delivered to him. The defendant con-

tended that if the facts were as the witness stated, yet, a part payment having been made, the plaintiff could not recover upon the original account as declared on in this case, but the court ruled otherwise.

The defendant contended, and introduced testimony tending to prove, that the quantity of clapboards he agreed to deliver in satisfaction of said three items was but one thousand, which he had paid, and this question was submitted to the jury. The plaintiff proved that the market price of such clapboards was from eight to ten dollars per thousand.

The court instructed the jury, that if they found that the agreement was to deliver two thousand, they should find for the plaintiff to recover the balance between said eighteen dollars and fifty cents and the value of the one thousand of clapboards, delivered by the defendant; if but one thousand, to find for the defendant.

The jury returned a verdict for the plaintiff.

*Heywood*, (of Vermont,) for the defendant. The items of account sued for in this action were settled. The agreement made on the settlement, Sept. 2d, 1847, operated to extinguish the account. The old action was discharged in consideration of the note and the agreement to deliver the two thousand of clapboards. Such was the understanding of the parties; and their understanding is decisive as to whether a new security is received in payment of a precedent debt. By the terms of the receipt, given by the plaintiff to the defendant, that suit was discharged, and the letter shows that the plaintiff considered the account settled, but claimed the remainder of the clapboards, only half of them having been delivered. It is a rule of law, that whenever the new agreement furnishes an adequate remedy to the party, it may be pleaded in bar of the former cause of action. Plowd. 5; 3 Johns. Ca. 342; *Bryant* v. *Gale*, 5 Vt. Rep. 416.

*Burns* and *Fletcher*, for the plaintiff. Receipts may be con-

tradicted, varied, or explained by oral testimony. 2 C. & H., notes to Ph. Ev., 213, 214, and cases there cited.

The three items of account were not merged by the agreement to pay the two thousand feet of clapboards; and upon the non-payment of the clapboards the plaintiff could sustain this action. It cannot make any difference that a part of the clapboards were paid.

The simple contract is not discharged or extinguished by the acceptance of another simple contract, given by the same party for the same consideration. Per *Parker, C. J.*, in *Johnson* v. *Johnson*, 11 Mass. 361, and see authorities there cited. As a general rule, one simple contract does not merge or extinguish another. Per *Williams, J.*, in *Bell* v. *Porter*, 9 Conn. 30; see also *Putnam* v. *Lewis*, 8 Johns. 389.

BELL, J.    In the case of *Edgerly* v. *Emerson*, 3 Foster's Rep. 555, it was held that receipts may be varied, explained, or contradicted by oral testimony. The same rule was adopted by this court in *Wallace* v. *Rogers*, 2 N. H. Rep. 506.

The principal question in the case is, whether the new agreement between the parties, that the defendant should pay and the plaintiff should receive the two thousand feet of clapboards in payment of the three items of the account now in suit, discharged that account. Such an agreement can only operate to discharge the original cause of action, as an accord and satisfaction. The general rule laid down in the books is, that there must be not only an accord, but a satisfaction. An accord not executed is no bar to the original claim. *Coit* v. *Huston*, 3 Johns. Ca. 243; *Watkinson* v. *Inglesby*, 5 Johns. 386; *Russell* v. *Lytte*, 6 Wend. 390; *Bank* v. *Degraw* 23 Wend. 342; *Peytoe's Case*, 9 Co. 79; *Walker* v. *Seaborn*, 1 Taun. 526; *Fitch* v. *Sutton*, 5 East 280; *Tuckerman* v. *Newhall*, 17 Mass. 581; 1 Com. Dig., Accord, B, 4.

If the agreement in this case had been executed by the delivery and acceptance of the clapboards, it would have been a

bar to this action; but so long as the new agreement is unexecuted, the original contract remains in force.

An agreement to make a new contract, and that the new contract shall be accepted in satisfaction of the original one, if carried into effect, is an accord executed, and discharges the original cause of action, whether the new contract is ever performed or not. *Watkinson* v. *Inglesby,* before cited; *Eaton* v. *Lincoln,* 13 Mass. 424; *Seaman* v. *Haskins,* 2 Johns. Ca. 195; *Heaton* v. *Angier,* 7 N. H. Rep. 397.

But there is no presumption of law, that where parties make a new contract the creditor shall receive his pay at a different time, or place, or in a different way from that originally stipulated; that the parties agree to accept the new contract in discharge of the old. The party who alleges such agreement for the discharge of the old debt is bound to prove a distinct agreement to that effect. This question has most frequently arisen in cases where promissory notes or acceptances have been given for antecedent debts. And it is clear, that at common law the acceptance of a note or bill for the amount of a debt, is no discharge of that debt, unless it is so expressly agreed. *Wright* v. *Crockery Co.,* 1 N. H. Rep. 281; *Elliot* v. *Sleeper,* 2 N. H. Rep. 527; *Jaffrey* v. *Cornish,* 10 N. H. Rep. 505, where the cases are collected; *Tobey* v. *Barber,* 5 Johns. 68; *Johnson* v. *Weed,* 9 Johns. 310; *Bill* v. *Porter,* 9 Conn. 23; *Porter* v. *Talcutt,* 1 Cow. 359; *Hayes* v. *Stone,* 7 Hill 128. In some of the States it is held otherwise.

In the present case it was not contended that there was any distinct evidence tending to show that the parties agreed that the new contract should be accepted in satisfaction and discharge of the old contract. If such evidence had been deemed by the defendant to exist, he might have requested the verdict of the jury upon that point, and the question would, of course, have been submitted to them. *Willard* v. *Germar,* 1 Sand. S. C. 50; *Bremer* v. *Herr,* 8 Barr 106. Instead of this, the court was desired to rule upon the question as a matter of law, and the decision was in accordance with the decisions of this court.

It is suggested that part payment of the clapboards having been made, the plaintiff could not recover upon his original account ; but we are unable to see how this can affect the question. An accord must be *entirely* executed to be a defence, and if the new contract was itself accepted in discharge, it is immaterial whether it was executed or not. We are of opinion, therefore, that there must be

*Judgment on the verdict.*