## TAYLOR, Adm'x v. FRINK & Co.

T. in his lifetime, commenced suit for damages occasioned by his being overturned in a stage-coach of the defendants; after T.'s death, his wife was appointed administratrix of his estate, and substituted as a party to the suit. She filed an additional petition, claiming $5,000 damages in her own right, in consequence of the death of her husband. A judgment of $1,500 was rendered, and the cause appealed to the Supreme Court, where the judgment was reversed. The parties then made a settlement, the defendants paying the sum of $400, and taking from her a release, which they filed in the cause. At a subsequent term of the District Court, the plaintiff moved the court to set aside the settlement, because it was entered into without the approbation of the county court, and because it was procured by fraud and misrep-

Taylor v. Frink & Co.

resentation; and on the hearing of the motion, the court held the settlement void, and set the same aside.  *Held,* 1. That the regular way for the defendants to have availed themselves of the settlement, was, to have answered over the accord and satisfaction, *puis darrien continuance.*  2. That the court could not properly set aside the settlement, on motion.  3. That if the settlement was procured without fraud or collusion on the part of the defendants, upon being properly pleaded, it may be made a defence to the suit. 4. That sections 1336, 1359, 1361, and 1362, of the Code, did not prohibit the making of the settlement, without the approbation of the county court. Sections 1336, 1359, 1361, and 1362, of the Code, do not, in any manner, affect the validity of contracts made with an executor or administrator, *bona fide,* in relation to the personal property, or *choses in action,* of the intestate.

## *Appeal from the Monroe District Court.*

TILGHMAN A. TAYLOR, since deceased, commenced this suit to recover damages occasioned by his being overturned in the stage-coach of the defendant.  On his death, Margaret Taylor, his widow, was made administratrix of his estate, and substituted as party to the suit.  She filed an additional petition, claiming $5,000 damages, in her own right, in consequence of the death of said Tilghman.  A recovery of $1,500 was had, and the cause appealed to the Supreme Court, where the judgment was reversed.  Pending the suit, and after the reversal, the parties made a settlement, the defendant paying the sum of $400, and taking from said Margaret a release, which was by the defendant filed in the cause.  At the last term of the Monroe District Court, the plaintiff moved the court to set aside and disregard the settlement of the case; first, because it was entered into without the approbation of the county court; and secondly, because the same was procured by fraud and misrepresentation.  On the hearing of this motion, the settlement was by the court, held void and set aside; from which ruling the defendant appeals, and assigns the same as error.

*J. C. Knapp,* for the appellant.

*H. B. Hendershott,* for the appellee.

ISBELL, J.(1)—This cause comes very irregularly before the court. The release in writing, evidencing the settlement of the cause, which it appears the court took upon itself the power to annul, on motion, does not appear to have been plead as an accord and satisfaction since the last continuance; nor does it appear to have been offered in evidence on the trial of the cause and rejected; but from the record, it is manifest, that the court proceeded to pronounce on its validity, on motion, as preliminary to the further progress of the cause. The regular way for the defendants to have availed themselves of such accord, was, to answer over the accord and satisfaction *puis darrien continuance*. *Watkinson* v. *Inglesby & Stokes*, 5 Johns. 392; 1 Chitty Plead. 569. Although in assumpsit and case, at common law, accord and satisfaction may be given in evidence under the general issue (*Panamore* v. *Johnson*, 1 Ld. Raym. 566; *Fitch* v. *Sutton*, 5 East. 230; *Bird* v. *Randall*, 3 Burr. 1353); yet, with us these forms of action are abolished, and we have no general issue, properly so called; hence, we conclude, that the more regular and safe practice is as above indicated.

But counsel for appellee insists, that the question of the validity of the settlement, was one that the court only could decide, and if it determined the question correctly, this court should not reverse the decision, although it proceeded irregularly. We cannot accede to this view. The motion assumes two grounds. First, that the settlement was made without the approbation of the county court. Secondly, that it was fraudulently procured. Either of these grounds involves the truth of extrinsic facts, which should be properly put in issue, before being passed upon. The contracts of persons, solemnly entered into, are of too sacred a nature, to be set at naught, on mere motion. While we would seek to disregard merely technical objections; yet, we think, it would be going too far, to lend countenance to such irregularity. To set at naught contracts in this manner, is to de-

---

(1) WRIGHT, C. J., having been of counsel in this cause, took no part in the adjudication thereof.

prive the citizen of property, without that due process of law guarantied to him.   We hold, therefore, that in setting aside the settlement, on motion, the court erred.

Perhaps we should go no further.   But in view of the fact, that it may tend to suppress litigation, to intimate a further view which we entertain in the case, and as the same has been brought to the attention of the court in argument, we deem it proper to add, that if the settlement evidenced by the writing in this cause, was procured without fraud or collusion on the part of defendant, it, being properly plead, may be made a defence to the suit.   As to the power of the administrator to make such settlement, see Story on Contracts, § 252, and authorities cited in note.

We have been referred by appellee to sections 1336, 1359, 1361, and 1362 of the Code, as prohibiting such settlement, without the approbation of the county court.   We understand these provisions to apply as between legatees, distributees, or creditors, and the executor or administrator; and that, an executor or administrator, in order to shield himself from liability to either of these, may avail himself of the approbation of the court, and be thereby protected; but we do not understand that these provisions, in any manner affect the validity of contracts, *bona fide* made, in relation to the personal property, or choses in action, of the deceased, with such executor or administrator.

Judgment reversed and cause remanded.