## Case No. 11,856.

### RISHER v. The FROLIC.

[1 Woods, 92.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1870.

PAYMENT—TAKING NOTE—INTENTION — MARITIME LIEN—PILOT'S WAGES.

1. In general, unless otherwise specially agreed, the taking of a promissory note for a preexisting debt is treated prima facie as a conditional payment only, and is a payment if the note is paid.

2. A negotiable promissory note will operate as an extinguishment of a prior existing debt if it is so intended by the parties.

3. Where a pilot held an account for wages against a steamboat, and took the note of the owner of the boat for the amount, signed by another person as security, due in 30 days, with interest at a rate higher than the account bore, and receipted the account as paid in full by the note; *held*, that these facts, with other circumstances, showed a purpose on the part of the payee to take the note in extinguishment of his debt, and that his lien upon the steamboat was lost.

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

John B. Cotton and L. L. Levy, for libellant.

B. Egan, for claimant.

WOODS, Circuit Judge. The libellant claims $1,060 as the balance due him for wages as pilot on board the steamer Frolic for services rendered as such, from May 1 to June 20, 1866. The testimony clearly establishes the facts that the services were rendered by the libellant as claimed, and that the compensation charged was the compensation agreed on between libellant and the owner of the boat. John Haberly intervenes as claimant,

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

and alleges and proves that he is now the owner of the steamer Frolic, having purchased her of Mrs. Mary Hein, the former owner, on the 8th day of May, 1867, and by way of defense avers among other things, that the libellant has lost his lien on the steamer by reason of the following facts, to wit: That immediately on the termination of his service as pilot, the libellant presented his account therefor to Mrs. Mary Hein, who was then the owner of the boat, and instead of receiving the money for the balance due him, took the joint note of Mrs. Hein and of her husband, J. Hein, dated June 20th, 1866, for the amount thereof, payable to libellant, or order, in 30 days, with interest at 8 per cent., and signed the following receipt at the foot of the account: "Received payment, in a note at thirty days, in full for the above amount. (Signed) W. W. Risher." Claimant alleges that the taking of this note by libellant was a novation of the debt which extinguished his lien on the boat, and that his only remedy is a personal action against the makers of the note. In general, unless otherwise specially agreed, the taking of a promissory note for a preexisting debt is treated prima facie or as a conditional payment only, that is, as payment if the note is paid. 2 Bailey, Bills, c. 9, p. 363; Puckford v. Maxwell, 6 Tenn. 52; Owensen v. Morse, 7 Tenn. 64; Murray v. Governeur, 2 Johns. Cas. 438; Elliott v. Sleeper, 2 N. H. 525; Holmes v. De Camp, 1 Johns. 34; Putnam v. Lewis, 8 Johns. 389; Bill v. Porter, 9 Conn. 23; Van Cleef v. Therasson, 3 Pick. 12; Muldon v. Whitlock, 1 Cow. 290. But in some of the American states a different rule is applied, and unless it is otherwise agreed, the taking of a promissory note is deemed prima facie an absolute payment of the preexisting debt. Hutchins v. Olcutt, 4 Vt. 549; Thacher v. Dinsmore, 5 Mass. 299; Whitcomb v. Williams, 4 Pick. 228. But in each case the rule is founded on a mere presumption of the supposed intention of the parties, and is open to explanation and rebutter by establishing by proper proofs what the real intention of the parties was, and this may be established not only by express words but by reasonable implication from the attendant circumstances. Wallace v. Agry [Case No. 17,096]; Maneely v. McGee, 6 Mass. 143; Watkins v. Hill, 8 Pick. 522. A negotiable promissory note will operate as an extinguishment of a prior existing debt, if it is so intended by the parties. The only question is as to the proof of such intention. In the case of The St. Lawrence, 1 Black [66 U. S.] 531, Taney, C. J., says: "The remaining question is, has this lien been forfeited or waived? It was not waived upon the general principles of maritime law by the acceptance of Graham's notes, unless the claimants can show that the libellants agreed to receive them in lieu of and in place of their original claim."

Following this authority, the burden of

proof is on the claimant to show that libellant received the note of Mrs. Hein and her husband in payment and extinguishment of his original claim. Has the proof been made? We think it has. The receipt of libellant under his own hand declares that he has received the note in payment of his claim. There can be no better evidence of the intention of libellant than his own written declaration made at the time of the transaction. In Hunt v. Boyd, 2 La. 109, the plaintiff received a draft for his account against the schooner Elizabeth, and underwrote the account as follows: "Received payment by draft on John Boyd & Co. at 30 days' sight." The supreme court on this said: "We are of opinion that the plaintiff, by taking this draft as payment of the account, extinguished it; and that suit cannot now be maintained on that which was discharged by the agreement which the receipt evidences." So in White v. McDowell, 4 La. Ann. 543, the supreme court of Louisiana held that when a creditor writes at the foot of an account, "Received payment by note," it is a novation of the debt.

In addition to the distinct declaration in writing that libellant received the note in payment of his claim, the circumstances of the case show that such was his intention. One circumstance, entitled to some weight, is the fact that the note taken bore a higher rate of interest than the account. This shows that the purpose of libellant in taking the note was not simply to evidence the existence and amount of his claim. It is like the case of taking a note for a greater sum than was actually due on the account, and giving time for payment. Another circumstance, showing the intention of libellant, is found in the fact that he was employed as pilot on the Frolic in January, February, and March, 1867, before Haberly became the owner of the boat, and was paid in full for such services without making any claim, so far as appears, for the amount due for his services in 1866. If he purposed to hold the boat for his services rendered in 1866, it would have been most natural, when receiving payment for similar services rendered in 1867, to have then made his claim therefor. The libellant has been examined as a witness, but is silent as to any such claim. Moreover, the libellant never commenced any action to enforce his alleged maritime lien for over eighteen months after the note taken by him in payment of the account became due. This circumstance indicates that the idea of setting up his lien upon the steamer was an afterthought.

I think the written receipt of the libellant, and the circumstances of the case, establish that it was the intention of the libellant to receive the note referred to in payment of his account. This fact established, it follows that he has lost his lien upon the steamer, and that his libel must be dismissed at his costs. Decree accordingly.